IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CITIZENS IN CHARGE, et al.

    Plaintiffs,

v.

JENNIFER BRUNNER, in her official
capacity as Ohio Secretary of State, et al.

    Defendants.

Case No. 2:10-cv-95

JUDGE EDMUND A. SARGUS, JR.

## ORDER GRANTING PERMANENT INJUNCTION

Contending that Ohio Revised Code § 3517.12(B) is unconstitutional, Plaintiff applied to this Court for a temporary restraining order and preliminary and permanent injunctions enjoining Defendants from enforcing § 3517.12(B). This Court granted and then extended a temporary restraining order, which is set to expire on March 8, 2010. Because the Court finds that the required disclosure of paid circulators under Ohio Revised Code § 3517.12(B) is unconstitutional under Supreme Court precedent, the Court hereby **GRANTS** a permanent injunction enjoining Defendants from enforcing such provision.

Ohio Revised Code § 3517.12(B) requires ballot committees, such as Plaintiff LetOhioVote.org, to file a report with the Secretary of State of Ohio (the "Secretary") providing, *inter alia*, the name and address of each paid circulator of its initiative or referendum petition together with the amount paid, or to be paid, to each circulator. Ohio Rev. Code § 3517.12(B). Plaintiffs contend that such required disclosure of the payments to circulators is unconstitutional.[1] Defendants take no position on the constitutionality of required disclosure of paid circulators under Ohio Revised Code § 3517.12(B).

---

[1] Plaintiffs do not challenge those portions of Ohio law that require the payors of the circulators to disclose total amounts paid.

As this Court discussed in its Opinion and Order dated February 10, 2010, petition circulation is "core political speech" for which First Amendment protection is "at its zenith." *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 186–87 (1999) (citing *Meyer v. Grant*, 486 U.S. 414, 422, 425 (1988)). Because "'exacting scrutiny' is necessary when compelled disclosure of campaign-related payments is at issue," such regulations must be "substantially related to important governmental interests." *Id.*, 525 U.S. at 202. Analyzing a Colorado statute with disclosure requirements similar to those of § 3517.12(B), the Supreme Court found in *Buckley* that "[l]isting paid circulators and their income from circulation forc[es] paid circulators to surrender the anonymity enjoyed by their volunteer counterparts." *Buckley*, 525 U.S. at 204 (quotations omitted). Finding that Colorado's reporting requirements were "no more than tenuously related to the substantial interests [which] disclosure serves," the Court held that, "to the extent that they target paid circulators," the reporting requirements failed the exacting scrutiny to which such regulations are subject. *Id.*, 525 U.S. at 204 (quotations omitted).

*Buckley* cannot be distinguished based on evidence of past petition fraud in Ohio. The record in *Buckley* also contained evidence of fraud involving paid circulators, but the Court held that "it does not follow . . . that paid circulators are more likely to commit fraud and gather false signatures than other circulators." *Buckley*, 525 U.S. at 204 n.23 (quotations omitted).

As this Court discussed in its February 10, 2010 Opinion, the State's interest in reaching election law violations does not save § 3517.12(B); such interest is sufficiently served by the separate requirement that each circulator, paid and unpaid, disclose his or her name and address. *Buckley*, 525 U.S. at 196. As the Supreme Court found in *Buckley*, this Court finds that "[t]he added benefit of revealing the names of paid circulators and amounts paid to each circulator . . . is hardly apparent and has not been demonstrated." *Buckley*, 525 U.S. at 203.

Finally, this Court's analysis is not affected by the Supreme Court's recent decision in *Citizens United v. Federal Election Commission* because that decision dealt with disclosure of the *sources* of independent expenditures supporting or opposing federal *candidates*. *Citizens United v. FEC*, No. 08-205, slip op., 2010 U.S. Lexis 766 (Jan. 21, 2010). In *Buckley*, the Supreme Court emphasized the difference between payments made on behalf of a candidate compared to those made in support of a referendum. The Court noted that "ballot initiatives do not involve the risk of 'quid pro quo' corruption present when money is paid to, or for, candidates." *Buckley*, 525 U.S. at 203 (citing *Meyer v. Grant*, 486 U.S. 414, 427–28 (1988)). As this Court has noted, *Buckley*, and not *Citizens United*, controls here.

The parties have agreed that there is no need for a hearing on Plaintiff's motion for a preliminary injunction. For the reasons set forth herein and in the prior temporary restraining order, the Court finds that Ohio Revised Code § 3517.12(B) is indistinguishable from the Colorado statute struck down by the Supreme Court in *Buckley*. This Court is therefore bound to find that § 3517.12(B) is unconstitutional.

"A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006) (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998)). As discussed above, the Court finds that the required disclosure of paid circulators under Ohio Revised Code § 3517.12(B) is unconstitutional. The Court further finds that if a permanent injunction is not granted, Plaintiffs will suffer a continuing irreparable injury for which there is no adequate remedy at law. For those reasons, the Court hereby **GRANTS** Plaintiff's motion for a permanent injunction and **ORDERS** that Defendant Jennifer Brunner, in her official capacity as Ohio

3

Secretary of State, is permanently enjoined from enforcing Ohio Revised Code § 3517.12(B) to the extent that it requires ballot committees to disclose any amounts payable to a circulator of its referendum petitions.

**IT IS SO ORDERED.**

\_\_\_\_2-25-2010_____  _____
**DATED**  **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**